# MINUTES ORDER

| | |
|---|---|
| CASE NUMBER: | CIVIL NO. 21-00188 LEK-WRP |
| CASE NAME: | Henrietta Tudela et al., vs. Hawaii State Board Of Education et al |

| | | | |
|---|---|---|---|
| JUDGE: | Leslie E. Kobayashi | DATE: | 11/02/2021 |

COURT ACTION:    EO: COURT ORDER: INFORMING THE PARTIES THAT THE STATE DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS IS GRANTED

      On September 23, 2021, Defendant/Cross-claim Defendant Hawai`i State Board of Education ("BOE") and Defendant Hawai`i State Department of Education ("DOE" and, collectively, "State Defendants") filed their Motion for Judgment on the Pleadings ("Motion"). [Dkt. no. 24.]  On October 15, 2021, Plaintiffs Henrietta Tudela ("Tudela") and James T. Furuya ("Furuya"), individually and as parents and next friends of their minor child, J.R.K.F. 2006 (collectively "Plaintiffs"), filed their memorandum in opposition, and Defendants/Crossclaimants Bayada Home Care ("BHC") and Warrick Kekauoha ("Kekauoha" and, collectively, "BHC Defendants") filed a statement of no position.  [Dkt. nos. 27, 26.]  This Court has found the Motion suitable for disposition without a hearing, pursuant to Local Rule 7.1(c).  See EO, filed 11/1/21 (dkt. no. 30).  The parties are hereby informed that the Motion is GRANTED.

**I.**    <u>**Unopposed Claims**</u>

      Plaintiffs do not oppose the Motion as to: Count I (Plaintiffs' claim alleging the State Defendants violated the Individuals with Disabilities Education Act of 1997); Count III (negligence claim against the State Defendants); Count IV (negligent training and/or supervision claim against the State Defendants and BHC); Count V (intentional infliction of emotional distress against the State Defendants and the BHC Defendants); and Count VI (negligent infliction of emotional distress against the State Defendants and the BHC Defendants).  Mem. in Opp. at 2; see also Complaint, filed 4/19/21 (dkt. no. 1), at pgs. 10-15.  The Motion also seeks judgment on the pleadings as to the BHC Defendants' Cross-claim against BOE for indemnification, contribution, and/or reimbursement.  Mem. in Supp. of Motion at 2; <u>see also</u> BHC Defs.' Cross-claim Against Defendant Hawaii State Board of Education, filed 6/8/21 (dkt. no. 15-1).  Insofar as the BHC Defendants have taken no position on the Motion, they have failed to identify any reason why the Motion should be denied as to the Cross-claim.  For the reasons stated in the Motion, judgment on the pleadings is GRANTED: in favor of the State Defendants as to

Plaintiffs' claims against them in Counts I, III, IV, V, and VI of the Complaint; and in favor of the BOE as to the BHC Defendants' Cross-claim.

Although this Court has discretion to grant partial judgment on the pleadings or to grant leave to amend, this Court declines to do so in this case because Plaintiffs and the BHC Defendants cannot cure the defects in their respective claims by amendment. See Lieblong v. Abella, 503 F. Supp. 3d 1011, 1021 (D. Hawai`i 2020) (citing Curry v. Baca, 497 F. Supp. 2d 1128, 1138 (C.D. Cal. 2007)). Thus, the Motion is GRANTED WITHOUT LEAVE TO AMEND as to Plaintiffs' claims against the State Defendants in Counts I, III, IV, V, and VI of the Complaint and as to the BHC Defendants' Cross-claim against BOE.

## II. Title IX

Plaintiffs oppose the Motion as to Count II, their claim under Title IX of the Civil Rights Act of 1964 ("Title IX"). Mem. in Opp. at 2; see also Complaint at pgs. 11-12. The State Defendants are entitled to judgment on the pleadings as to Count II because, even if the factual allegations in the Complaint are assumed to be true, they do not raise a plausible inference that the State Defendants discriminated against J.R.K.F. on the basis of his sex. See Schwake v. Ariz. Bd. of Regents, 967 F.3d 940, 947 (9th Cir. 2020) (discussing when a Title IX claim survives a motion to dismiss); Sam v. Dep't of Pub. Safety, CIVIL NO. 20-00164 SOM-RT, 2021 WL 1032282, at *1 (D. Hawai`i Mar. 17, 2021) ("The standard governing a [Fed. R. Civ. P.] 12(c) motion for judgment on the pleadings is 'functionally identical' to that governing a Rule 12(b)(6) motion." (citing Gregg v. Hawaii, Dep't of Pub. Safety, 870 F.3d 883, 887 (9th Cir. 2017))).

Even taking all of the factual allegations in the Complaint as true, the State Defendants are entitled to judgment as a matter of law because Plaintiffs allege excessive or unreasonable force was used against J.R.K.F. based on his known disabilities. There is no indication in the Complaint that force was used against J.R.K.F. because he is a male. The State Defendants' Motion is therefore GRANTED as to Count II. Because Plaintiffs have not shown that they can amend Count II to include plausible allegations that J.R.K.F. was discriminated against on the basis of his sex, the Motion is GRANTED WITHOUT LEAVE TO AMEND.

## III. Leave to Add New Claims

Plaintiffs ask this Court to grant them leave to file an amended complaint with two additional claims: a claim under the Americans with Disabilities Act, 42 U.S.C. § 12132; and a 42 U.S.C. § 1983 claim based on the use of unreasonable and/or excessive force. [Mem. in Opp. at 8.] The Court declines to consider Plaintiffs' request because they did not comply with the requirements of Local Rule 10.4. If Plaintiffs wish to add these claims, they must file the appropriate motion pursuant to Fed. R. Civ. P. 15(a). This Court makes no findings or conclusions regarding the merits of Plaintiffs' request to add these claims.

A written order will follow that will supersede these rulings. If any party wishes to file a motion for reconsideration, the party must wait until the written order is filed to do so.

IT IS SO ORDERED.

Submitted by: Agalelei Elkington, Courtroom Manager