UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| HENRIETTA TUDELA AND JAMES T FURUYA, INDIVIDUALLY AND AS PARENTS AND NEXT FRIENDS OF THEIR MINOR CHILD, J.R.K.F. 2006;<br><br>Plaintiffs,<br><br>   vs.<br><br>HAWAII STATE BOARD OF EDUCATION, HAWAII STATE DEPARTMENT OF EDUCATION,  BAYADA HOME HEALTH CARE, INC., A PENNSYLVANIA CORPORATION; WARRICK KEKAUOHA, INDIVIDUALLY AND AS EMPLOYEE OF BAYADA HOME HEALTH CARE, INC.; AND DOE DEFENDANTS 1-20,<br><br>Defendants. | CIV. NO. 21-00188 LEK-WRP |

**<u>ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

On September 23, 2021, Defendants/Cross-claim Defendants Hawai`i State Board of Education ("BOE") and Hawai`i State Department of Education ("DOE" and, collectively, "State Defendants") filed their Motion for Judgment on the Pleadings ("Motion"). [Dkt. no. 24.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). On November 2, 2021, an entering order was issued informing the parties of the Court's rulings on the Motion. [Dkt. no. 31.]

The instant Order supersedes that entering order.  For the reasons set forth below: Defendants' Motion is granted; the request by Plaintiffs Henrietta Tudela and James T. Furuya, individually and as parents and next friends of their minor child, J.R.K.F. 2006 (collectively "Plaintiffs"), for leave to amend their sex discrimination claim is denied; and this Court declines to rule on Plaintiffs' request for leave to add new claims.

## BACKGROUND

Plaintiffs filed their Complaint on April 19, 2021. [Dkt. no. 1.]  According to Plaintiffs, J.R.K.F. is a student "with severe, permanent intellectual and cognitive impairment." [Complaint at ¶ 28.]  The State of Hawai`i ("the State") and the DOE identified and evaluated J.R.K.F. in all areas of suspected disability, and he was deemed eligible for special education and related services.  [Id. at ¶¶ 29-30.]  J.R.K.F. was diagnosed with attention deficit hyperactivity disorder ("ADHD"), and he was found to be on the autism spectrum, with behavioral deficiencies.  [Id. at ¶ 32.]  An Individualized Education Program ("IEP") was prepared for J.R.K.F., pursuant to the Individuals with Disabilities Education Act of 1997 ("IDEA"). [Id. at ¶¶ 25, 30.]  J.R.K.F.'s IEP stated that he required one-to-one supervision.  [Id. at ¶ 32.]

At all times relevant to this case, J.R.K.F. was a special-needs student at Kaimuki Middle School ("KMS"), a DOE public school. [Id. at ¶¶ 14-15, 31.] Plaintiffs argue the BOE and/or the DOE were aware that J.R.K.F. "was a student with disabilities requiring specialized programs and services, highly qualified personnel or one-on-one assistance to keep him out of harm's way." [Id. at ¶ 33.] Plaintiffs allege that, pursuant to the IDEA and his IEP, the DOE was required to provide J.R.K.F. with services tailored to his needs, including a one-on-one aide during all KMS school hours. [Id. at ¶ 35.]

The DOE contracted with Defendant/Crossclaimant Bayada Home Care ("BHC")[1] to provide paraprofessional support services to J.R.K.F. in the form of a "qualified and certified paraprofessional to serve as his one-to-one aide to monitor and supervise him at all times during the school hours at KMS." [Id. at ¶ 36.] BHC employed Defendant/Crossclaimant Warrick Kekauoha ("Kekauoha" and, collectively with BHC, "BHC Defendants") as J.R.K.F.'s paraprofessional aide. [Id. at ¶ 37.]

Plaintiffs allege: "On or about May 14, 2019, during school hours at KMS, Kekauoha forcefully grabbed and restrained

---

[1] BHC was erroneously sued as Bayada Home Health Care, Inc. See Complaint at ¶ 2; Answer to Complaint, Filed on April 19, 2021, filed 6/8/21 (dkt. no. 15), at pg. 1.

3

[J.R.K.F.] and forcibly took him down to the ground after [J.R.K.F.] refused to follow Kekauoha's instructions ('Incident')." [Id. at ¶ 38.]  As a result, J.R.K.F. hit his head on the ground, causing him severe pain.  J.R.K.F. was in such intense pain that he bit Kekauoha so that Kekauoha would release him.  [Id. at ¶¶ 40-41.]  Plaintiffs argue the force that Kekauoha used on J.R.K.F. "was excessive and/or unreasonable, amounting to physical abuse."  [Id. at ¶ 39.]

      Plaintiffs allege that, prior to the Incident, the State Defendants and the BHC Defendants (collectively "Defendants") were aware that, because of his disability, J.R.K.F. "was aggressive, defiant, oppositional, and/or rebellious."  [Id. at ¶ 42.]  Further, prior to the Incident, there had been numerous incidents when Kekauoha and KMS security guards, who were acting on behalf of the DOE and/or the BOE,[2] "used excessive and/or unreasonable force on [J.R.K.F.] to force him to control his behavior and comply with directives given to him."  [Id. at ¶ 43.]  In spite of this knowledge about J.R.K.F.'s "disabilities, Defendants failed, neglected, and/or refused to develop and implement as reasonable plan to address Minor's disabilities, pursuant to the IDEA."  [Id. at ¶ 44.]

---

[2] Plaintiffs allege the campus security guards are employed or contracted by the BOE and/or the DOE.  [Complaint at ¶ 19.]

4

Plaintiffs allege the State Defendants and their employees, "standing in loco parentis, owe[] students and their parents a duty to take reasonable steps to prevent reasonably foreseeable harms to its students[,]" when the students are "on school grounds during class, recess and other intermissions or excursions and before and after school." [Id. at ¶¶ 16, 18.] Plaintiffs allege Defendants' actions and omissions breached their duties to J.R.K.F., and those breaches were a direct, proximate, and substantial cause of harm or damages to Plaintiffs. [Id. at ¶¶ 44-47.]

Plaintiffs assert the following claims: a claim against the State Defendants for violation of the IDEA ("Count I"); a claim against the State Defendants for violation of Title IX of the U.S. Education Amendments of 1972 ("Title IX" and "Count II");[3] a negligence claim against Defendants ("Count III"); a negligent training and/or supervision claim against the State Defendants and BHC ("Count IV"); an intentional infliction of emotional distress ("IIED") claim against Defendants ("Count V"); and a negligent infliction of emotional distress ("NIED") claim against Defendants ("Count VI"). The State Defendants filed their answer to the

---

[3] Plaintiffs allege the BOE and DOE are subject to Title IX because they receive federal funding for their programs or activities. [Complaint at ¶ 17.]

Complaint on May 17, 2021. [Dkt. no. 11.] The BHC Defendants filed their answer, with a cross-claim against the State Defendants for indemnification, contribution, and/or reimbursement ("Cross-claim"), on June 8, 2021. [Dkt. no. 15.]

In the instant Motion, the State Defendants argue they are entitled to judgment on the pleadings as to all of Plaintiffs' claims in the Complaint because: Plaintiffs cannot obtain monetary damages under the IDEA; Plaintiffs' Title IX claim fails to state a claim because there is no indication of discrimination based on gender or sex; and Plaintiffs' state law tort claims against them are barred by the Eleventh Amendment to the United States Constitution. The Motion also seeks judgment on the pleadings in favor of the BOE as to the Cross-claim because the claims in the Cross-claim are also barred by the Eleventh Amendment.

**STANDARD**

This district court has stated:

> Rule 12(c) of the Federal Rules of Civil Procedure states, "After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." The standard governing a Rule 12(c) motion for judgment on the pleadings is "functionally identical" to that governing a Rule 12(b)(6) motion. Gregg v. Hawaii, Dep't of Pub. Safety, 870 F.3d 883, 887 (9th Cir. 2017); United States ex rel. Caffaso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011); Dworkin v. Hustler Mag. Inc., 867 F.2d 1188, 1192 (9th Cir. 1989).

> "A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." Gregg, 870 F.3d at 887; accord Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012) ("Judgment on the pleadings is properly granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." (quotation marks, alteration signals, and citation omitted)).

Sam v. Dep't of Pub. Safety, CIVIL NO. 20-00164 SOM-RT, 2021 WL 1032282, at *1-2 (D. Hawai`i Mar. 17, 2021).

## DISCUSSION

### I. Unopposed Claims

Plaintiffs do not oppose the Motion as to Counts I, III, IV, V, and VI. [Mem. in Opp., filed 10/15/21 (dkt. no. 27), at 2.]

Count I seeks damages against the State Defendants under the IDEA. [Complaint at ¶ 52.] Because the IDEA is "a comprehensive enforcement scheme in which compensatory damages play no part[,]" the State Defendants are entitled to judgment as a matter of law as to Count I.[4] See C.O. v. Portland Pub. Sch., 679 F.3d 1162, 1166 (9th Cir. 2012) (citation and internal quotation marks omitted).

---

[4] In light of this ruling, it is not necessary for this Court to address the State Defendants' alternate argument regarding the failure to exhaust administrative remedies.

7

Counts III, IV, V, and VI are state law tort claims in which Plaintiffs seek damages. [Complaint at ¶¶ 68, 75, 79, 85.] Under the Eleventh Amendment, "[s]tates, their agencies, and their officials in their official capacities are immune from damage suits under state or federal law by private parties in federal court unless there is a valid abrogation of that immunity or an unequivocal express waiver by the state." Monet v. Hawai`i, Civ. No. 11-00211 SOM/RLP, 2011 WL 2446310, at *4 (D. Hawai`i June 14, 2011) (some citations omitted) (citing Sossamon v. Tex., 131 S. Ct. 1651, 1658 (2011)). Both the DOE and the BOE are state agencies for purposes of the Eleventh Amendment. See, e.g., Off. of Hawaiian Affs. v. Dep't of Educ., 951 F. Supp. 1484, 1492 (D. Hawai`i 1996) ("the DOE and BOE are state agencies which are regarded as state entities"). There is no unequivocal express waiver by the State abrogating its Eleventh Amendment immunity from state tort actions in the federal courts. The State Defendants are therefore entitled to judgment on the pleadings as to Counts III, IV, V, and VI of Plaintiff's Complaint.

Although the Motion seeks judgment on the pleadings as to the BHC Defendants' Cross-claim, the BHC Defendants filed a statement of no position on the Motion. [Filed 10/15/21 (dkt. no. 26).] The BHC Defendants have not identified any unequivocal express waiver by the State abrogating its Eleventh

8

Amendment immunity from indemnification, contribution, and/or reimbursement actions in the federal courts.  The BOE is therefore entitled to judgment on the pleadings as to the BHC Defendants' Cross-claim.

**II.  Title IX**

Plaintiffs oppose the Motion as to Count II, their Title IX claim.  [Mem. in Opp. at 2.]  "Title IX provides that '[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance . . . ."  Schwake v. Ariz. Bd. of Regents, 967 F.3d 940, 946 (9th Cir. 2020) (alterations in Schwake) (quoting 20 U.S.C. § 1681(a)).

> To survive a motion to dismiss, a Title IX plaintiff "need only provide '**enough facts** to state a claim to relief that is plausible on its face.'"  Austin [v. Univ. of Or.], 925 F.3d [1133,] 1137 [(9th Cir. 2019)] (emphasis added) (quoting [Bell Atl. Corp. v.] Twombly, 550 U.S. [544,] 570, 127 S. Ct. 1955 [(2007)]).  In assessing the sufficiency of a complaint, "[t]he role of the court . . . is not in any way to evaluate the truth as to what really happened, but merely to determine whether the plaintiff's factual allegations are sufficient to allow the case to proceed."  Doe v. Columbia Univ., 831 F.3d 46, 59 (2d Cir. 2016).  Sex discrimination need not be the only plausible explanation or even the most plausible explanation for a Title IX claim to proceed.  See Doe v. Baum, 903 F.3d 575, 586 (6th Cir. 2018).

Id. at 947-48 (emphasis and some alterations in Schwake).

Even taking all of the factual allegations in the Complaint as true, see Gregg, 870 F.3d at 887, Plaintiffs allege excessive or unreasonable force was used against J.R.K.F. based on his known disabilities. See, e.g., Complaint at ¶ 42 ("Prior to the Incident, Defendants at all relevant times herein knew that [J.R.K.F.] was aggressive, defiant, oppositional, and/or rebellious due to his disability."); id. at ¶ 44 ("Despite their knowledge of [J.R.K.F.]'s disabilities, Defendants failed, neglected, and/or refused to develop and implement as reasonable plan to address [J.R.K.F.]'s disabilities, pursuant to the IDEA."). There is no indication in the Complaint that force was used against J.R.K.F. based, at least in part, on the fact that he is a male. Although all that is required is that sex discrimination be **a plausible explanation** for the Incident, the Complaint does not allege sufficient facts to support that theory of liability. The State Defendants are therefore entitled to judgment on the pleadings, and the Motion is granted, as to Count II.

### III. Leave to Amend

#### A. Claims Addressed in the Motion

In considering a motion for judgment on the pleadings, the district court has discretion to grant partial judgment on the pleadings or to grant leave to amend. See Lieblong v. Abella, 503 F. Supp. 3d 1011, 1021 (D. Hawai`i 2020) (citing

Curry v. Baca, 497 F. Supp. 2d 1128, 1138 (C.D. Cal. 2007)).  As to the unopposed claims, Plaintiffs and the BHC Defendants arguably have not requested leave to amend.  However, even assuming that they are seeking leave to amend, this Court declines to grant leave to amend because it is clear that the defects in those claims cannot be saved by amendment.  Cf. Anderson v. Ghaly, 930 F.3d 1066, 1081 (9th Cir. 2019) (stating, in an appeal from the dismissal of a 42 U.S.C. § 1983 action, "[d]ismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment" (quotation marks and citation omitted)).

As to Count II, it is a closer question whether Plaintiffs' Title IX claim could be saved by amendment. Plaintiffs argue they should be granted leave to amend "to assert allegations that [J.R.K.F.] was subjected to physical abuse on the basis of his sex[.]"  [Mem. in Opp. at 8.] However, Plaintiffs have not indicated that they can plead additional factual allegations which would be sufficient to support a reasonable inference that J.R.K.F. was abused on the basis of his gender or sex.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

11

misconduct alleged." (citation omitted)).  Plaintiffs failed to respond to the Motion by describing the additional factual allegations that they would allege to support their Title IX claim.  This indicates that they cannot cure the defects in the claim by amendment.  This Court therefore declines to grant Plaintiffs leave to amend Count II.

**B.    New Claims**

Plaintiffs also ask this Court to grant them leave to assert two additional claims: a claim under the Americans with Disabilities Act, 42 U.S.C. § 12132; and a 42 U.S.C. § 1983 claim based on the use of unreasonable and/or excessive force. [Mem. in Opp. at 8.]  This Court declines to consider Plaintiffs' request because they did not comply with the requirements for the filing of a motion to amend pleadings.  See Local Rule LR10.4 ("A motion . . . to amend a pleading **shall be accompanied by the proposed amended pleading** in redline format, which must indicate in every respect how the proposed amended pleading differs from the pleading which it amends, by striking through the text to be deleted and underlining the text to be added." (emphasis added)).  If Plaintiffs wish to add these claims, they must file the appropriate motion pursuant to Fed.

R. Civ. P. 15(a) and Fed. R. Civ. P. 16(b)(4).[5] This Court makes no findings or conclusions regarding the merits of Plaintiffs' request to add these claims.

### CONCLUSION

For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings, filed September 23, 2021, is HEREBY GRANTED. Judgment on the pleadings is granted: in favor of the State Defendants as to all of the claims in Plaintiffs' Complaint, filed on April 19, 2021; and in favor of the BOE as to the BHC Defendants' Cross-claim, filed on June 8, 2021. Neither Plaintiffs nor the BHC Defendants have leave to amend the claims that are the subject of the State Defendants' Motion.

Further, this Court DECLINES TO ADDRESS Plaintiffs' request for leave to add two new claims. There being no remaining claims against the State Defendants, the Clerk's Office is DIRECTED to terminate them as parties on **January 6, 2022,** unless a timely motion for reconsideration of this Order is filed.

The only remaining claims in this case are: Plaintiffs' negligence claim against the BHC Defendants; Plaintiffs' negligent training and/or supervision claim against

---

[5] The deadline to file motions to add parties or amend pleadings was November 12, 2021. [Rule 16 Scheduling Order, filed 6/14/21 (dkt. no. 20), at ¶ 5.]

13

BHC; and Plaintiffs' IIED and NIED claims against the BHC Defendants.

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAII, December 21, 2021.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**HENRIETTE TUDELA, ET AL. VS. HAWAII STATE BOARD OF EDUCATION, ET AL; CV 21-00188 LEK-WRP; ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**